UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BETTY JANE JACKSON, Individually and as the Wrongful Death Heir of HAROLD E. JACKSON | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 1:06CV188 CDP |
| ADAM D. MYHRE and MARK MANN d/b/a MANN LAND LEVELING, | ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Betty Jane Jackson was injured and her husband was killed in a wreck involving their pickup truck and a tractor operated by defendant Adam D. Myhre, an employee of defendant Mark Mann, d/b/a Mann Land Leveling. Plaintiff's original complaint stated a claim for negligence and wrongful death, seeking to hold Mann liable under a theory of respondeat superior for Myhre's negligence. In Mann's answer to that petition, he admitted that Myhre was an employee acting in the scope of his employment at the time of the collision. Jackson now seeks leave to file an amended complaint, attempting to add the alternate theories of negligent hiring and negligent entrustment. Because Missouri

law prohibits submission of those alternative theories once the defendants have admitted the application of respondeat superior, I will deny Jackson's motion to amend.

### Discussion

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend the pleadings "only by leave of court or by written consent of the adverse party" and "leave shall be freely given when justice so requires." Fed. R. Civ. Pro. 15(a). However, "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." U.S. ex rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 558 (8th Cir. 2006) (citations omitted). Defendants argue that amendment in this case would be futile, and I agree. Defendants have already admitted the application of respondeat superior, therefore Missouri law does not permit Jackson to proceed against Mann on any other theory of imputed liability. McHaffie v. Bunch, 891 S.W.2d 822 (Mo. banc 1995).

Several other federal courts have examined this question at the motion to dismiss stage, and all have concluded that claims of negligent hiring and negligent entrustment must be dismissed once the defendants have admitted the application of respondeat superior. See Connelly v. H.O. Wolding, Inc., 2007 WL 679885

(W.D. Mo. March 1, 2007); see also Hoch v. John Christner Trucking, Inc., 2005 WL 2656958 (W.D. Mo. Oct. 18, 2005); Brown v. Larabee, 2005 WL 1719908 (W.D. Mo. July 25, 2005); Young v. Dunlap, 223 F.R.D. 520 (E.D. Mo. 2004). All of those cases were factually similar to both this case and McHaffie. They all involved situations where the plaintiff sued a driver and his employer and then alleged respondeat superior liability and some other theory of imputed liability. In each case, the courts dismissed the other theories of imputed liability because the employer had admitted the basis for respondeat superior liability.

Those courts also rejected that argument raised here by Jackson that McHaffie sets out a clear exception to the general rule, relying on the following language:

> Having said that, it may be possible that an employer or entrustor may be held liable on a theory of negligence that does not derive from and is not dependant on the negligence of an entrustee or employee. In addition, it is also possible that an employer or an entrustor may be liable for punitive damages which would not be assessed against the employee/entrustee ... However, none of those circumstances exist here. Those issues await another day.

891 S.W.2d at 826. This language does not set out a clear exception, and in fact, this language was not part of the Missouri Supreme Court's holding in McHaffie. Instead, this language leaves such issues for another day, and I cannot find any more recent Missouri decision that recognizes any such an exception.

As I would be forced to dismiss Jackson's claims under the alternate theories of recovery of negligent hiring and negligent entrustment if I allowed the requested amendment, I will deny Jackson's motion for leave to amend her complaint. Amendment in this case in the manner requested by Jackson would be futile.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Betty Jane Jackson's motion to amend the complaint [#8] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th day of August, 2007.